**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

                                      Case No. 08-20669

REGINALD STATOM,

                    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE**

Defendant Reginald Statom pleaded guilty on October 13, 2009 to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 112.) On February 23, 2010, the court sentenced Defendant to 205 months imprisonment. (ECF No. 142, PageID.427.)

Defendant filed an "Emergency Motion to Reduce Sentence under [18 U.S.C. §] 3582(c)(1)(A) Compassionate Release." (ECF No. 287.) He argues the threat of contracting the Coronavirus Disease ("COVID-19") while detained at FCI Terre Haute in Terre Haute, Indiana justifies his release before he completes his sentence. The government has filed a response. (ECF No. 289.) For the reasons provided below, the court will deny Defendant's motion.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*,

2

Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

Before filing a motion for compassionate release, Defendant must first exhaust administrative remedies. Defendant has failed to do so.

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). That procedure is not applicable here. The BOP did not move for or endorse Defendant's compassionate release.

Second, after the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant does not allege or present evidence that he has submitted a request for compassionate release to the BOP. (ECF No. 287, PageID.2123.) The government could find no record of a submission at the BOP. (ECF No. 289, PageID.2143.) Thus, Defendant has not waited thirty days after "the receipt of . . . a request [for compassionate release] by the warden of [Defendant's] facility." 18 U.S.C. § 3582(c)(1)(A).

Defendant's claim is not ripe. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either exhaust all administrative appeals or wait thirty days; Defendant has done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the

statutory language is plain, we must enforce it according to its terms."); *United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (Cox, J.) (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)) (denying a motion for compassionate release based upon the outbreak of COVID-19 for failure to exhaust).

Defendant's motion fails for lack of exhaustion. *Ross*, 136 S.Ct. at 1857 ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (Courts lack discretion to waive "a congressionally established exhaustion imperative, not a judicially created one."). Nonetheless, some district courts have waived § 3582(c)(1)(A)'s exhaustion requirement due to the outbreak of COVID-19. *E.g. United States v. Al-Jumail*, Case No. 12-20272, 2020 WL 2395224, at *2-4 (E.D. Mich. May 12, 2020) (Hood, C.J.). Even if it were possible for the court to waive exhaustion, Defendant's motion would fail on the merits.

Defendant's circumstances are not sufficiently "extraordinary and compelling" to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

Defendant's sole argument in favor of release is that he may contract COVID-19 in the future. (ECF No. 287, PageID.2123.) He states that he suffers from asthma and that he takes medication for an enlarged prostate. (*Id.*) Defendant is fifty-one years old. (ECF No. 289, PageID.2131.)

The court recognizes that Defendant's preexisting medical conditions, especially asthma, may leave him at higher risk of developing complications from COVID-19. Nonetheless, the court can only speculate as to whether COVID-19 is an immediate threat to Defendant at his current location. Neither Defendant nor the government have presented allegations or evidence regarding the extent of infections at FCI Terre Haute. The BOP has instituted extensive precautionary measures to mitigate the spread of COVID-19 across the federal prison system, including at FCI Terre Haute. Inmates' internal movement is suspended, subject to narrow exceptions such medical examinations; newly arriving inmates are screened for exposure risk and symptoms; symptomatic inmates, as well as asymptomatic inmates with exposure risk, are isolated; social visits are suspended. Federal Bureau of Prisons, *BOP Implementing Modified Operations* (last visited May 20, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp. (ECF No. 289, PageID.2132-33.)

The court must predict whether COVID-19 will spread within FCI Terre Haute despite precautionary protocols, further whether Defendant will contract COVID-19, and finally whether Defendant will develop serious symptoms, if any symptoms at all. The court must also speculate as to whether Defendant will have a greater risk of exposure in society, where there are tens of thousands of confirmed COVID-19 cases depending on the location, and whether Defendant would have superior access to healthcare to

threat COVID-19 if released. Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): Cases in the U.S.* (last visited May 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. While at FCI Terre Haute, Defendant is monitored for COVID-19 symptoms and given testing and treatment if symptoms develop. (ECF No. 289, PageID.2132.) Defendant himself states that he currently receives treatment at FCI Terre Haute for his prostate condition (with medication) and his asthma (with an inhaler). (ECF No. 287, PageID.2123.)

Defendant does not claim that he has COVID-19, nor do his current conditions leave him seriously debilitated or in a medically critical state. Defendant's circumstances are not so extreme that the court is impelled out of a basic interest in justice to order his release. *Sapp*, 2020 WL 515935, at *3. The potential that Defendant *may* develop complications as a result of a future COVID-19 infection does not alter this conclusion.

Defendant includes a passing reference to the Eighth Amendment's bar on deliberate indifference to prison inmates in his arguments for compassionate release. U.S. Const. amend. VIII. (ECF No. 287, PageID.2123.) Although in no way relevant to compassionate analysis under 18 U.S.C. § 3582(c)(1)(A), the court notes that a deliberate indifference claim under the Eighth Amendment, if it were to be brought, would likely fail.

Government indifference to inmate medical needs can "constitute an unnecessary and wanton infliction of pain or . . . be repugnant to the conscience of mankind," in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (citations removed). To succeed, Defendant must prove both an objective and subjective component. "[A] prison official may be held liable under the Eighth

6

Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

For the objective component, Defendant must show "a sufficiently serious medical need," in that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Miller v. Calhoun Co.*, 408 F.3d 803, 812-13 (6th Cir. 2005) (citations removed). "[It] further requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency—that is, it is not one that today's society chooses to tolerate." *Villegas*, 709 F.3d at 568 (quoting *Helling*, 509 U.S. at 36 (1993)). For the subjective component, Defendant must prove "a sufficiently culpable state of mind in denying medical care . . . evidenc[ed] [by] deliberateness tantamount to intent to punish." *Miller*, 408 F.3d at 812-13 (citations removed). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Villegas*, 709 F.3d at 569 (quoting *Farmer*, 511 U.S. at 837).

Defendant need not suffer from a current medical condition to bring a deliberate indifference claim. Inhumane confinement can violate the Eighth Amendment for "sufficiently imminent" future harm. *Helling*, 509 U.S. at 34. Defendant must prove that he is "expos[ed] . . . to an unreasonable risk of serious harm in the future." *Dodson v. Wilkinson*, 304 F. App'x 434, 439 (6th Cir. 2008). Defendant must still prove the traditional elements of deliberate indifference. *Id.* (citing *Helling*, 509 U.S. at 35) ("A claim of deliberate indifference to future serious harm requires proof of both the objective and subjective elements of an Eighth Amendment claim.").

7

The BOP, including FCI Terre Haute, has instituted numerous precautions to mitigate the spread of COVID-19. (ECF No. 289, PageID.2132-33.) Defendant is monitored and receives medical treatment. (*Id.*) There are no allegations that inmates have contracted COVID-19 at FCI Terre Haute or, if they have, that the disease has spread to any substantial degree. The benefits of releasing Defendant into society, where COVID-19 may be more prevalent and medical care scarcer, are speculative. Defendant's continued detention does not present a risk of harm "so grave that it violates contemporary standards of decency." *Villegas*, 709 F.3d at 568. Furthermore, the government has not "disregard[ed]" Defendant's health and acted with "deliberateness tantamount to intent to punish." *Farmer*, 511 U.S. at 847; *Miller*, 408 F.3d at 812-13. Under both the objective and subjective components of deliberate indifference, Defendant's claim would fail. Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion to Reduce Sentence under [18 U.S.C. §] 3582(c)(1)(A) Compassionate Release" (ECF No. 287) is DENIED.

s/Robert H. Cleland                        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 21, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\08-
20669.STATOM.EmergencyMotiontoReduceSentenceUnder3582(c)(1)(A)CompassionateRelease.RMK.docx