UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 08-20669

REGINALD STATOM,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On May 21, 2020, the court denied Defendant Reginald Statom's "Emergency Motion to Reduce Sentence [U]nder [18 U.S.C. §] 3582(c)(1)(A) Compassionate Release." (ECF No. 290.) In that order, the court explained that Defendant had not exhausted his administrative remedies and his circumstances were not "extraordinary and compelling." (*Id.*, PageID.2154-56.) The court further explained that Defendant's continued detention does not present a risk of harm "so grave that it violates contemporary standards of decency." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). (ECF No. 290, PageID.2156-58.) Defendant now requests that the court reconsider its order denying his motion to reduce sentence. (ECF No. 291.)

To prevail on a motion for reconsideration, a party "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a

defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). The court will deny Defendant's motion for reconsideration because he has not pointed to any palpable defect in the court's order denying a reduction in sentence. E.D. Mich. LR 7.1(h)(3).

As the court explained in its order, Defendant can file a motion for compassionate release under the First Step Act of 2018 only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The court determined Defendant has done neither; therefore, Defendant's claim is not ripe. (ECF No. 290, PageID.2153-54.) The court further explained that even if the exhaustion requirement were waived, Defendant's circumstances are not sufficiently "extraordinary and compelling" to justify compassionate release. (ECF No. 290, PageID.2154.) In his motion for reconsideration, Defendant states FCI Terre Haute has five active COVID-19 cases and one confirmed death within its inmate population. (ECF No. 291, PageID.2160.) The court acknowledged Defendant's pre-existing conditions and determined that the BOP's precautionary measures make the benefits of releasing Defendant into society speculative. (ECF No. 290, PageID.2158.) In his motion for reconsideration, Defendant fails to show that the court was "misled" or that the result would have been different if any "defect" existed. E.D. Mich. LR 7.1(h)(3). The court is not persuaded by Defendant's motion that alteration to its original order is necessary. Accordingly,

IT IS ORDERED that Defendant's "Motion for Reconsideration" (ECF No. 291) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 23, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\08-20669.STATOM.MotionforReconsideration.LEM.RMK.docx