UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 08-20669

REGINALD STATOM,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
APPOINT COUNSEL AND FOR HOME CONFINEMENT**

Defendant Reginald Statom pleaded guilty on October 13, 2009, to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 112.) On February 23, 2010, the court sentenced Defendant to 205 months imprisonment. (ECF No. 142, PageID.427.)

Defendant has filed a "Motion to Appoint Counsel and . . . for Home Confinement." (ECF No. 294.) He states that the Bureau of Prisons ("BOP") approved a request he made for home confinement and, on September 29, 2020, allowed him to live at home. (*Id.*, PageID.2230.) Defendant was allegedly at home for three days before the BOP revoked his placement on home confinement. (*Id.*) On October 2, 2020, Defendant returned to prison, and he now asks that the court order the BOP to place him back on home confinement. (*Id.*, PageID.2230-31.) The matter has been thoroughly briefed. (ECF Nos. 297, 298.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

The Bureau of Prisons ("BOP"), not the court, has the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. 3621(b); *see Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b)."). Congress tasked the BOP with "ensur[ing] that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for . . . reentry [into society]." 18 U.S.C. § 3624(c)(1). To achieve this task, the BOP alone has authority to "place a prisoner in home confinement." 18 U.S.C. § 3624(c)(2).

District courts in the Sixth Circuit have routinely denied prisoner requests to order home confinement. *United States v. Shorter-Hayes*, Case No. 17-20614, 2020 WL 3961600, at *1 (E.D. Mich. July 13, 2020) (Michelson, J.) ("[T]his Court does not have the authority to order [defendant] released to home confinement."); *United States v. Oliver*, Case No. 17-20489, 2020 WL 2768852, at *2 (E.D. Mich. May 28, 2020) (Berg, J.) ("[T]he exclusive authority to determine a prisoner's place of incarceration—including home confinement—rests with the BOP, not with the sentencing court."); *United States v. Boyd*, Case No. 14-86, 2020 WL 2106023, at *1 (E.D. Tenn. May 1, 2020) (reasoning that a court order "has no binding effect on the authority of the [BOP] to determine or change the place of imprisonment"); *United States v. Gales*, Case No. 19-251-4, 2020 WL 2085146, at *3 (N.D. Ohio April 29, 2020) ("[T]he authority to provide for home confinement rests with the BOP."). Caselaw from the Sixth Circuit supports these conclusions. *See United States v. Mattice*, Case No. 20-3668, 2020 WL 7587155, at *2

2

(6th Cir. Oct. 7, 2020) ("[T]he BOP has sole discretion to transfer an inmate to home confinement."); *United States v. Brummett*, Case No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."). Thus, the court lacks legal authority to grant Defendant's request. 18 U.S.C. 3621(b); 18 U.S.C. § 3624(c)(1).

In his motion, Defendant also requests appointment of counsel. (ECF No. 294, PageID.2231.) Because, on the face of Defendant's motion, the court lacks legal authority to grant it, appointment of counsel is not necessary. Furthermore, on February 15, 2021, an attorney filed an appearance on behalf of Defendant, and the attorney drafted Defendant's reply brief. (*See* ECF No. 296, 298.) Defendant's motion will be denied. Accordingly,

IT IS ORDERED that Defendant's "Motion to Appoint Counsel and . . . for Home Confinement" (ECF No. 294) is DENIED.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\08-20669.STATOM.MotiontoAppointCounselandforHomeConfinement.RMK.2.docx