UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

REGINALD STATOM, *et al.*,

   Defendant.
_____/

Case No. 2:08-cr-20669-8

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court is Defendant Reginal Statom's ("Statom") Motion for Early Termination of Supervised Release. *See* ECF No. 301. The Government filed a response objecting to the request for early termination. *See* ECF No. 303. The Court, having reviewed the parties' briefs and the record, has determined that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f). For the reasons stated below, the Court **DENIES** the Motion.

**I.**

In October 2009, Statom pleaded guilty to a reduced charge of conspiracy to possess with intent to distribute five or more kilograms of cocaine. *See* ECF No. 112. He was sentenced to a 205-month guidelines sentence; with a ten-year term of supervision to follow. *See* ECF No. 142, PageID.427-428. In May 2020, Statom

moved for compassionate release, but that motion was denied. ECF Nos. 287, 290.[1] In January 2021, Statom was prematurely released to home confinement but later returned to a custodial setting. *See* ECF No. 294. He filed a motion asking the Court to order home confinement, but that motion was denied as the Court lacks jurisdiction to mandate the Bureau of Prisons on prisoner placement, including home confinement. *See generally* ECF Nos. 294, 299. In August 2022, Statom was released to the custody of the Detroit Areas Community Corrections Center and then placed on supervised release on May 18, 2023. ECF No. 301, PageID.2248.

Since his release, Statom claims that he has "maintained continuous employment, and fulfilled all conditions imposed during supervised release." ECF No. 301, PageID.2248. He reports that he has "a strong opportunity to obtain full-time employment with a freight company – an opportunity contingent upon the termination of his supervised release due to the company's insurance and employment eligibility policies." *Id.* As a result, he is asking the Court to terminate his supervision. The government objects to early termination, arguing that Statom has only completed one-quarter of his term of supervision; he has performed poorly on supervision in the past, including committing the instant drug offense while he was on a previous term of federal supervision; and he has failed to raise any new

---

[1] A motion for reconsideration on Statom's request for compassionate release was also denied. *See* ECF Nos. 291, 292.

2

circumstances of life conditions that make it unduly burdensome to continue with supervision, including producing any information to substantiate that the employment opportunity.  ECF No. 303, PageID.2254-2255.

## II.

"Supervised release is part of a sentence."  *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014).  However, under 18 U.S.C. 3583(e)(1), after a defendant has served at least one year of a term of supervised release, the Court may order early termination if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003); 18 U.S.C. § 3583(e)(1).  When making this determination, the Court considers the following sentencing factors outlined in 18 U.S.C. § 3553, which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment;
- the kind of sentence and the sentencing range established for the applicable category of offense committed by the applicable category defendant;
- any pertinent policy statement issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities; and
- the need to provide restitution to any victims of the offense.

*See* § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

### III.

Statom argues that "early termination of his supervised release is warranted in this case" because "he no longer needs monitoring to ensure compliance with the law, and further supervision would serve no rehabilitative purpose." ECF No. 301, PageID.2251. Statom relies on "*United States v. Atkin*, 38 F. Supp. 2d 938, 939-40 (S.D. Ind. 1999)" and "*United States v. Harris*, No. 07-20499, 2020 WL 6054876 (E.D. Mich. Oct. 14, 2020)" in support of his motion. *Id.* at PageID.2249-2250. The Court believes that Statom used some form of generative artificial intelligence ("AI") to complete this filing – as neither of these are actual cases that stand for the propositions in which they are cited.

The citation 38 F. Supp. 2d 938 is to a civil not criminal, District of Kansas case (*Neide v. Grand Court Lifestyles, Inc.*). The Court did a search for *United States v. Atkin* in the Southern District of Indiana and no such case exists. Similarly, *United States v. Harris* is alleged to be an Eastern District of Michigan case, bearing case number 07-20499. In addition to searching Westlaw for 2020 WL 6054876, which does not return any cases, the Court also searched the internal EDMI system for Case No. 07-20499. While this is a criminal case, it is the matter of *United States v. Rose*, **not** *United States v. Harris*. And while there is an order terminating supervised

4

release early in that case, it is not for the reasons cited and it is from 2018 not 2020. These inaccuracies and falsehoods lead the Court to believe that Statom used AI in generating his submission to the Court. The Court therefore questions the accuracy of any of the information contained in Statom's request and for that reason alone, his Motion should be denied.

Nonetheless, Statom's request for early termination of supervision should also be denied on its merits. While the Court notes Statom's alleged progress while on supervision, it fails to find that these actions are sufficient to warrant early termination. As a general matter, "compliance is expected, not exceptional, behavior." *United States v. McDonald*, No. 2:22-cr-20646, 2024 WL 5337829, at *2 (E.D. Mich. Dec. 20, 2024). Full compliance with the terms of supervised release, therefore, does not warrant early termination. *United States v. Kilpatrick*, No. 2:10-cr-20403, 2023 WL 1487337, at *2 (E.D. Mich. Feb. 2, 2023) (citation omitted). "Similarly, productive employment, while laudable, does not justify the termination of supervision." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (internal quotation marks and citations omitted). Generally, early termination "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *See Kilpatrick*, 2023 WL 1487337, at *2 (quotation marks and citation omitted).

Here, Statom has not identified any new of unforeseen circumstances that would warrant early termination of supervised release. In fact, evaluating the § 3553(a) factors identified in 18 U.S.C. § 3583(e), the Court finds that early termination would not be in the interest of justice. The nature and circumstances of the offense and Statom's history and characteristics strongly favor a lengthy term of supervision. *See* 18 U.S.C. § 3353(a)(1). Statom was charged with this drug offense while he was on federal supervision for a previous drug conviction. He has previously demonstrated that he has issues with compliance with his terms of supervision. Similarly, 18 U.S.C. § 3553(a)(2)(B) requires to Court to look at whether his term of supervision would provide adequate deterrence. The Court is not convinced that Staton has served enough of his term to be fully deterred. He has only completed one-quarter of the imposed term. More time on supervision is likely to ensure that he does not reoffend and that he is not granted an unwarranted sentencing disparity compared to similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). If the Court were to grant his request, he would be afforded over a three-quarter reduction in his term of supervision, which would not be in accordance with others similarly convicted of serious drug crimes.

Accordingly, it is **ORDERED** that the Defendant's Motion for Early Termination of Supervised Release (ECF No. 301) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 28, 2025                          s/Brandy R. McMillion
      Detroit, Michigan                     HON. BRANDY R. MCMILLION
                                                                          United States District Judge